14

BAO HUAN LIN, Petitioner,

v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY, Board of Immigration Appeals, Alberto Gonzales, Attorney General United States, Respondents.

No. 06–0294–ag.

United States Court of Appeals, Second Circuit.

Sept. 8, 2006.

Albert S. Lefkowitz, Forest Hills, NY, for Petitioner.

John C. Richter, United States Attorney for the Western District of Oklahoma, Kay Sewell, Assistant United States Attorney, Oklahoma City, OK, for Respondents.

PRESENT: Hon. WILFRED FEINBERG, Hon. CHESTER J. STRAUB and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Petitioner Bao Huan Lin, a native and citizen of China, seeks review of a December 28, 2005 order of the BIA affirming the July 28, 2004 decision of Immigration Judge ("IJ") Sandy Hom denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Bao Huan Lin,* No. A 79 415 329 (B.I.A. Dec. 28.2005), *aff'g* No. A 79 415 329 (Immig. Ct. N.Y. City July 28, 2004).

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but stating that remand may be avoided in spite of deficiencies in an adverse credibility determination when it can be confidently predicted that the IJ would adhere to the decision on remand).

■ In this case, the IJ found Lin's testimony incredible because of the following implausibilities and inconsistencies: (1) Lin testified that he hid from the family planning officials at a brick factory, which he co-owned and which was registered with the Chinese government, yet he claimed that officials never sought him out or discovered him at the factory; (2) Lin testified that he secretly returned to his village, risking arrest and sterilization, so that he could follow village custom, and have his children born at home; and (3) Lin testified that his wife avoided IUD insertion after the birth of their first child because she was ill, yet in his asylum application, Lin stated that his wife escaped IUD insertion by fleeing their home. With regard to Lin's claim that the family planning authorities sought him for sterilization, these are "specific, cogent reasons" that "bear a legitimate nexus" to the IJ's adverse credibility finding, *Zhou Yun Zhang,* 386 F.3d at 74, regardless of any errors in the IJ's additional reasoning.

■ The IJ, however, did not appear to consider the separate issue of whether Lin could make out a derivative claim based on his allegation that his wife was forcibly, albeit unsuccessfully sterilized following the birth of the couple's second child. *See In re C–Y–Z–,* 21 I. & N. Dec. 915, 919, 1997 WL 353222 (B.I.A.1997) (en banc) (holding that forced sterilization of an individual is also an act of past persecution against the individual's spouse). The IJ discussed the alleged sterilization primarily as it bore on Lin's testimony that the authorities would not have attempted a second sterilization on his wife, even after the birth and registration of the couple's third child potentially alerted the authorities that the alleged sterilization had been unsuccessful, and so sought him instead for sterilization. Apart from a passing reference to Lin's testimony regarding the alleged sterilization as "implausible," the IJ's decision contains no findings as to the fact of the sterilization itself or whether it was forced as Lin claims. It is possible

that the IJ's adverse credibility finding extended to Lin's testimony about the alleged sterilization. But in the absence of any meaningful evaluation of Lin's testimony or supporting documentation—which included his wife's affidavit, radiology and medical reports, photographs purporting to show his wife's surgical scars, and a hospital-issued sterilization certificate—as to the alleged sterilization, we think it more likely that Lin's derivative asylum claim premised on his wife's alleged forced sterilization was overlooked as a potential basis for relief. Remand is appropriate for evaluation of all aspects of this claim.

For the foregoing reasons, the petition for review is GRANTED. The decision of the BIA is VACATED and the case is REMANDED for further proceedings consistent with this decision.